09-1916-cr
United States v. Essa[*]

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand ten.

Present:

>JOSÉ A. CABRANES,
>RICHARD C. WESLEY,
>>*Circuit Judges,*
>BRIAN M. COGAN,
>>*District Judge.[**]*

_____

UNITED STATES OF AMERICA,

>*Appellee,*

>v.                                                              09-1916-cr

ABUL WAHAD, *et al.*,

>*Defendants,*

MOHAMMAD ESSA,

>*Defendant-Appellant.*

_____

FOR APPELLEE:                               David I. Miller, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *of counsel*), for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

_____

[*] The Clerk of the Court is directed to amend the official short caption to conform with the listing above.

[**] The Honorable Brian M. Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR APPELLANT:**                                   B. Alan Seidler, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge*).

    **UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

    Defendant Mohammad Essa appeals from a May 1, 2009 order of the District Court convicting him, upon his plea of guilty, of one count of conspiring to import heroin in violation of 21 U.S.C. § 963 and one count of conspiring to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. § 846, and sentencing him principally to one hundred and three months' imprisonment.  On appeal defendant argues that the District Court erred by (1) failing to consider adequately certain factors that the District Court must consider under 18 U.S.C. § 3553(a); (2) sentencing defendant to a term of imprisonment that was out of proportion to the sentences of his co-defendants; (3) failing to account for the conditions of his confinement in Afghanistan; (4) failing to consider that defendant consented to deportation; and (5) failing to consider defendant's familial situation.  We assume the parties' familiarity with the underlying facts and procedural history of this case.

    Following *United States v. Booker*, 543 U.S. 220 (2005), a district court has broad latitude to "impose either a Guidelines sentence or a non-Guidelines sentence." *United States v. Sanchez*, 517 F.3d 651, 660 (2d Cir. 2008); *see also United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc).  Accordingly, the role of the Court of Appeals is limited to examining a sentence for reasonableness, which is akin to review under an "abuse-of-discretion" standard.  *See Cavera*, 550 F.3d at 190; *see also Gall v. United States*, 552 U.S. 38, 41 (2007) (holding that "courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard"); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (alteration, citations, and quotation marks omitted)).  This standard applies "both to the [substantive reasonableness of the] sentence itself and to the procedures employed in arriving at the sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008).

    First, Essa argues that his sentence was procedurally unreasonable because the District Court failed to consider adequately certain factors that the District Court must consider under 18 U.S.C. § 3553(a).  There is a "strong presumption that the District Court faithfully performed its statutory obligation to consider the § 3553(a) factors." *United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir. 2006).  Essa has presented no evidence to rebut this presumption.  Moreover, upon of a review of the record, we conclude that Judge Chin did, in fact, consider the statutory factors.  Accordingly, we conclude that Essa's sentence was not procedurally unreasonable.

Next, Essa argues that his sentence was substantively unreasonable for several reasons. First, Essa argues that his sentence was higher than those imposed on his co-defendants, including the leader of the organization. Section 3553(a)(6) addresses sentencing disparities among similarly-situated defendants, but it "does not require district courts to consider sentencing disparity among co-defendants . . . [because] the primary purpose [of that section] was to minimize *nationwide* disparities." *United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007) (emphasis supplied), *abrogation on other grounds recognized by United States v. Cavera*, 550 F.3d 180 (2d Cir. 2008). Even though the District Court was not required to consider sentencing disparities among co-defendants, the District Court did consider these disparities and then concluded that any disparity was warranted because other co-defendants—specifically, the leader of the organization—testified for the Government at trial.

Essa also argues that his sentence is substantively unreasonable because the District Court failed to consider the conditions of Essa's confinement, his willingness to be deported, and his familial circumstances. The District Court, however, considered all arguments presented in the sentencing submission. Taking various factors, including the conditions of Essa's detention, into account, the District Court sentenced Essa at the bottom of the range calculated from the United States Sentencing Guidelines and gave Essa credit for his five months of detention in Afghanistan. We therefore conclude that Essa's sentence was not substantively unreasonable.

## CONCLUSION

We have considered all of defendant's arguments and find them to be without merit. Accordingly, for the reasons stated above, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3